**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Etta Bracewell and Samuel Parsons,

                        Plaintiffs,        Civ. No. 12-2501 (RHK/JSM)
                                              **MEMORANDUM OPINION**
                                              **AND ORDER**

v.

U.S. Bank National Association,

                        Defendant.

---

Daniel M. Eaton, Christensen Law Office PLLC, Minneapolis, Minnesota, for Plaintiffs.

Brian L. Vander Pol, Peter W. Carter, Andrew Peters, Dorsey & Whitney LLP, Minneapolis, Minnesota, for Defendant.

---

**INTRODUCTION**

Plaintiffs Etta Bracewell and Samuel Parsons commenced this action against Defendant U.S. Bank National Association ("U.S. Bank") seeking to set aside a sheriff's sale of their home, which U.S. Bank allegedly promised to cancel. U.S. Bank now moves to dismiss and, for the reasons set forth below, its Motion will be granted.

**BACKGROUND**

In November 2003, Bracewell purchased a home at 2238 Berland Place in Saint Paul, Minnesota. To finance her purchase, she delivered a promissory note to U.S. Bank in the amount of $184,000, secured by a mortgage on her property. (Compl. ¶ 6.) She later defaulted on the note, and on September 23, 2011, U.S. Bank sent her a letter inviting her to apply for assistance in bringing her account current. (Id. ¶ 8.) She

returned a completed application and supporting documents to U.S. Bank.  (Id. ¶ 9.)  Then, in November 2011, U.S. Bank served Bracewell with a Notice of Mortgage Foreclosure Sale set for December 29, 2011.  (Id. ¶ 10.)

Over the course of November and December, Bracewell and her husband, Parsons, spoke with U.S. Bank representatives about their application and the impending foreclosure and, upon U.S. Bank's request, continued to submit documentation in support of their application.  (Id. ¶¶ 11–14.)  On December 21, 2011, Parsons contacted the bank to confirm that it had received all of their documents and he was referred to a representative identified as Paul at 1-855-7627 x425-6258.  (Id. ¶ 15.)  Paul informed him that the bank needed more documentation from Plaintiffs.  After submitting the requested documents, Parsons again spoke with Paul, who confirmed that U.S. Bank had all the necessary documents for a loan modification and would not proceed with the scheduled sheriff's sale.  (Id. ¶¶ 17–18.)

Despite this assurance, the sale proceeded as scheduled, and on December 29, 2011, U.S. Bank purchased Plaintiffs' home for $203,118.88.  (Id. ¶ 21.)  Plaintiffs allege that they would have taken alternative measures to stop or postpone the sheriff's sale had they known U.S. Bank would not cancel it.  Specifically, Bracewell alleges she had funds available to reinstate the loan, or she could have served and recorded an Affidavit of Postponement under Minn. Stat. § 580.07, or she could have filed for bankruptcy.  (Id. ¶ 22.)

In August 2012, Plaintiffs commenced this action against U.S. Bank seeking to set aside the sale of their home.  They assert claims for negligent misrepresentation (Count I)

and equitable estoppel (Count II) based upon U.S. Bank's alleged representation that it would cancel the sheriff's sale and Plaintiffs' reliance on that representation to their detriment. U.S. Bank now moves to dismiss both Counts pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

## STANDARD OF DECISION

The Supreme Court set forth the standard for evaluating a motion to dismiss in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555; accord Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff's specific factual allegations as true but [need] not . . . accept a plaintiff's legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff. Twombly, 550 U.S. at 554–56. A complaint should not be dismissed simply because the Court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. at 556. Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears that recovery is very remote

and unlikely. Id. "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

U.S. Bank moves to dismiss Plaintiffs' claims on two grounds: (1) the claims seek to enforce an agreement that is unenforceable under the Minnesota Credit Agreement Statute (MCAS); and (2) Plaintiffs did not sufficiently plead detrimental reliance, which is a required element of both claims. Because the Court finds both claims barred by the MCAS, it need not address U.S. Bank's alternative argument.

**I.     Minnesota Credit Agreement Statute**

The MCAS, Minn. Stat. § 513.33, prohibits a debtor from maintaining "an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth relevant terms and conditions, and is signed by the creditor and the debtor." The statute defines a "credit agreement" as "an agreement to lend or forbear repayment of money, goods, or things in action, . . . or to make any other financial accommodation." Minn. Stat. § 513.33, subd. 1.

The Eighth Circuit has held that a creditor's promise to postpone a foreclosure sale constitutes a "financial accommodation" for purposes of the MCAS. Brisbin v. Aurora Loan Servs., 679 F.3d 748, 753 (8th Cir. 2012). Therefore, Plaintiffs may only maintain an action on U.S. Bank's alleged promise to cancel the sale if that promise "is in writing, expresses consideration, sets forth relevant terms and conditions, and is signed by" Bracewell and U.S. Bank. Minn. Stat. § 513.33, subd. 2. Plaintiffs' Complaint indicates

that none of these requirements has been met; therefore, the MCAS precludes Plaintiffs' claims. See, e.g., Brisbin, 679 F.3d at 753 ("MCAS prohibits the enforcement of an oral promise to postpone a foreclosure sale" via promissory-estoppel claim, even where it is undisputed); Stumm v. BAC Home Loans Servicing, No. 11-CV-3736, 2012 WL 5250560, at *6 (D. Minn. Oct. 24, 2012) (Schiltz, J.) (promissory-estoppel claim based on creditor's promise to postpone foreclosure sale was "as clearly barred by the MCAS as a 30-year-old car-accident claim would be barred by the statute of limitations" despite plaintiffs' assertion of equitable estoppel); Jacobson v. Deutsche Bank Nat'l Trust Co., No. 12-771, 2012 WL 3638534, at *3 (D. Minn. Aug. 23, 2012) (Frank, J.) (dismissing promissory- and equitable-estoppel claims based on creditor's promise to cancel foreclosure sale under the MCAS); LaBrant v. Mortg. Elec. Registration Sys., 870 F. Supp. 2d 671, 678, 681 n.3 (D. Minn. 2012) (Tunheim, J.) (adopting Report & Recommendation of Brisbois, M.J.) (dismissing negligent-misrepresentation and promissory-estoppel claims based on creditor's promise to modify plaintiffs' mortgage under the MCAS).

     Plaintiffs seek to avoid dismissal by arguing that the MCAS only applies to breach-of-contract and promissory-estoppel claims, neither of which they pleaded. But the Court sees no reason why Plaintiffs should be allowed to circumvent the statute by virtue of creative pleading. The MCAS prohibits any "action" based on a credit agreement, not just certain kinds of claims. As the 8th Circuit stated in Brisbin, a court "can disregard a statute's plain meaning only in rare cases where the plain meaning utterly confounds a clear legislative purpose" and the "clear legislative purpose behind

- 5 -

the MCAS [is] to prevent borrowers from using an ongoing lending relationship with a lender to enforce unwritten [credit] agreements." Id. at 753 (internal quotations and citations omitted).  Plaintiffs have demonstrated no reason for the Court to depart from the plain meaning of the MCAS.

Plaintiffs also seek to avoid dismissal by arguing that equitable estoppel is an exception to the statute of frauds and, by extension, to the MCAS.  Minnesota courts have recognized that, where "applying the statute of frauds 'will protect, rather than prevent, a fraud, equity requires that the doctrine of equitable estoppel be applied.'" Stumm, 2012 WL 5250560, at *5 (quoting Lunning v. Land O'Lakes, 303 N.W.2d 452, 457 (Minn. 1980)).  Given the similarities between Minnesota's statute of frauds and the MCAS, equitable estoppel may serve as an exception—under limited circumstances—to the MCAS as well.  However, the Court concludes that such an exception is inapplicable in the instant case.

"[T]o avoid the statute of frauds by equitable estoppel requires proof of a misrepresentation or concealment of material fact 'akin to fraud.'  It also requires proof of detrimental reliance of greater 'character and magnitude' than is normally incident to an oral contract.  When a statute of frauds would otherwise apply, equitable estoppel 'should be *carefully* and *sparingly* applied . . . .'" Holmes v. Torguson, 41 F.3d 1251, 1255 (8th Cir. 1994) (citations omitted) (emphases added); see also Casazza v. Kiser, 313 F.3d 414, 421–23 (8th Cir. 2002) (discussing various interpretations of the estoppel exception to the statute of frauds and finding that plaintiff's claim failed under each).

Plaintiffs do not allege that U.S. Bank fraudulently misrepresented or concealed material facts. Instead, they allege that U.S. Bank made them a promise and then failed to perform. (Compl. ¶ 18 (U.S. Bank "represented that . . . the December 29, 2011 sheriff's sale would not proceed.").) "A mere refusal to perform an oral agreement, unaccompanied by unconscionable conduct, however, is not such a fraud as will justify disregarding the statute [of frauds]." Del Hayes & Sons, Inc. v. Mitchell, 230 N.W.2d 588, 594 (Minn. 1975). The Court concludes that Plaintiffs have not pleaded sufficient facts to support the application of equitable estoppel as an exception to the MCAS. See Stumm, 2012 WL 5250560, at *6 (dismissing claim because plaintiffs failed to plead facts that would "permit the[m] to avoid application of the MCAS"); LaBrant, 870 F. Supp. 2d at 679 ("the Court finds that Plaintiffs' promissory estoppel claim is barred by [the MCAS] and that Defendants are not equitably estopped from invoking [it]"); BankCherokee v. Insignia Dev., LLC, 779 N.W.2d 896, 903 (Minn. Ct. App. 2010) (rejecting promissory- and equitable-estoppel defenses to the MCAS); but see Racutt v. U.S. Bank, No. 11-2948, 2012 WL 1242320 (D. Minn. Feb. 23, 2012) (Magnuson, J.) (dismissing breach-of-contract and promissory-estoppel claims based on creditor's promise to modify plaintiffs' mortgage under the MCAS, but allowing equitable-estoppel and part-performance claims to proceed).

Plaintiffs also argue that the MCAS does not apply to negligent-misrepresentation claims, but they have not provided support for their assertion. The only case the Court uncovered addressing this issue is LaBrant. There, the Court concluded that the plaintiffs' negligent-misrepresentation claim was premised on an unenforceable oral

- 7 -

agreement rather than an independent tort, and therefore the plaintiffs were "merely attempting to make an end-run yet again around the statute by asserting a tort claim which seeks the same relief as the[ir] promissory estoppel claim, which is barred by [the MCAS]." LaBrant, 2012 U.S. Dist. LEXIS 48893, at *1. The Court comes to the same conclusion in the instant case. Plaintiffs' negligent-misrepresentation claim is not based on an independent tort; rather it is based on U.S. Bank's unenforceable oral agreement to cancel the sheriff's sale. Therefore, it too is barred by the MCAS.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that U.S. Bank's Motion to Dismiss (Doc. No. 6) is **GRANTED** and the Complaint (Doc. No. 1 Ex. A) is **DIMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 20, 2012

                                                  s/Richard H. Kyle
                                                  RICHARD H. KYLE
                                                  United States District Judge